**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 17, 2008*
Decided October 24, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| **No**. 08-2042 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| **v.** | No. 1:01-cr-10038-JBM-JAG-4 Joe Billy McDade, *Judge*. |
| LEVENCE SIMPSON, *Defendant-Appellant*. | |

**Order**

After the Sentencing Commission reduced the guideline ranges for crack cocaine, and made the change retroactive, see Amendments 706 and 711, LeVence Simpson asked the district court to reduce his sentence. A judge is authorized to implement a retroactive change in the guidelines. See 18 U.S.C. §3582(c)(2).

The district court denied Simpson's motion, observing that his sentence of 240

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

months is the statutory minimum for his offense and criminal record. A change in guidelines does not entitle a court to disregard a statutory minimum sentence. *Neal v. United States*, 516 U.S. 284 (1996). Simpson's appellate brief ignores this problem and relies entirely on decisions such as *Kimbrough v. United States*, 128 S. Ct. 558 (2007), that concern the Guidelines rather than statutes. No more need be said to show that the district court's order is correct.

AFFIRMED